IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:20-cr-000410-BYP** |
| | ) | |
| **Plaintiff** | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | |
| -vs- | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| | ) | |
| **GIANNI GRAY** | ) | |
| | ) | |
| **Defendant** | ) | |

    Now comes the defendant, Gianni Gray, and submits his sentencing memorandum. Gray has no particular objection to the pre-sentence report that would effect the guideline calculation. (Doc. #79, Page Id 440-473)

    The purpose of this memorandum is to advise the Court on the factors set forth in 18 U.S.C. 3553, in order to impose a sentence that is sufficient, but not greater than necessary.

    Gray will conclude by suggesting that a prison sentence at the lower end of the guidelines (63 months), concurrent to his State prison sentence, would be sufficient but not greater than necessary.

Respectfully submitted,

/s/ Edward M. Heindel
EDWARD M. HEINDEL
(#0046706)
Attorney for Defendant
2200 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
(216) 621-4100

**SENTENCING MEMORANDUM**

**I. INTRODUCTION**

Gray plead guilty to: (1) Felon in possession of a weapon in violation of 18 U.S.C 922(g)(1).  This charge is subject to a maximum prison term of ten years.  The advisory guidelines, United States v. Booker, 543 U.S. 220 (2005), call for a prison term of 63-78 months.  (Doc. #79, Page ID 468)

18 U.S.C. 3553 sets forth the factors to be considered in imposing a sentence and provides as follows:

> (a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed-

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)     to afford adequate deterrence to criminal conduct;
    (C)     to protect the public from further crimes of the defendant; and
    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for-

(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

    (i)     issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii)     that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B)     in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)     any pertinent policy statement-

(A)     issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)     that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.1

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

## II.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE. 18 U.S.C. 3553(a)(1)

On May 5, 2020, Gray was inside the building located at 12113 Union Avenue, Cleveland, Ohio, when the police surrounded it.  They made calls for the occupants to come out of the building for about twenty minutes. Officers then entered the building. They observed a rifle on a chair and a revolver under a chair.   The officers looked on the first floor of the building.  Gray put his hands up and said "Ok, you got me."  He was arrested without incident.  (See Doc.79, Page Id. 445) Nobody was injured.

A search warrant was subsequently obtained and the police recovered a third weapon, a Smith and Weston semi-automatic pistol.

## III.  HISTORY AND CHARACTERISTICS OF DEFENDANT.  18 U.S.C. 3553(a)(1)

Gianni Gray is 39 years old.   He is presently serving 84 years to life, consecutive to a sentence of 70 years to life, for two counts of aggravated murder. (State v. Gianni Gray, CR-18-631500-A, Cuyahoga County. There is no allegation that the weapons found in this case are associated with the murders.

Gianni has undoubtedly had a difficult life.  He describes his childhood as

"rough" and "having the necessities and nothing else." The utilities were frequently shut off. Gray witnessed violence and drug abuse often. He did not know his real father, but his step-father was sentenced to a "long time prison term."

He was abused by his older brothers and mother's boyfriends. Gray slowly turned to drugs and crime. (See Doc. #79, Page Id #465)

The horrific details of Gray's formative years can be found in the pre-sentence report at Pages 25-27. (Doc. #79, Page Id 464-466) Counsel will expound more on them the sentencing hearing.

## III. THE NEED FOR THE SENTENCE IMPOSED 18 U.S.C. 3553(a)(2)

This factor refers to the need to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense. United States v. Robinson, 669 F.3d 767 (6th Cir. 2012).

It is not necessary to impose a consecutive prison term upon Gray. He is presently serving a state prison term for the rest of his natural life. Gray's life is reflective of an awful childhood surrounded by nothing but drugs and violence. It would be a greater than necessary punishment to impose consecutive sentences upon him now.

## IV THE GUIDELINE CALCULATION 18 U.S.C. 3553(a)(4)

The guideline calculation is merely advisory. Booker, supra. The guidelines in this case call for a term of imprisonment of 63-78 months. Gray requests that the Court impose a term of 63 months concurrent to all sentences he is presently serving.

## V. THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES 18

**U.S.C. 3553(a)(6)**

District courts should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). United States. v. Bradley, 897 F.3d 779 (6th Cir. 2018.

The average length of imprisonment for offenders similar to Gray was 62 months and the median length of imprisonment was 63 months. The bottom end of the guidelines is also 63 months. (Doc. #79, Page Id. 473)

**V.  THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS 18 U.S.C. 3553(a)(7)**

There are no restitution issues in this case.

**VI. CONCLUSION**

For all of the foregoing reasons, Gray asks that the Court impose a sentence at the bottom of federal sentencing guidelines with credit for the time Gray has served since the date of his arrest.

Respectfully submitted,

/s/ Edward M. Heindel
EDWARD M. HEINDEL (#0046706)
Attorney for Defendant
2200 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
(216) 621-4100
(cell) 216-789-1279
(Fax) 216-621-8003
hein234@earthlink.net

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon all parties pursuant to the Court's electronic filing system, this 22nd day of September, 2022.

/s/ Edward M. Heindel
EDWARD M. HEINDEL (#0046706)
Attorney for Defendant